ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

CHRISTOPHER J. PATTOCK (#009797)
Trial Attorney
230 N. 1st Ave., #204
Phoenix, Arizona 85003-1706
Telephone: (602) 682-2614
Facsimile: (602) 514-7270
E-Mail: Christopher.J.Pattock@usdoj.gov

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| ROSA'S MANAGEMENT COMPANY, L.L.C., | Case No. 2:12-bk-21862-PS |
| | OBJECTION BY UNITED STATES TRUSTEE TO FEE APPLICATION OF DEBTOR'S FORMER ATTORNEY |
| Debtor. | Hearing Date: Not yet set.<br>Time: Not yet set.<br>Location: 230 N. 1st Ave.<br>Courtroom #603 |

The United States Trustee for the District of Arizona, Region 14 ("UST") pursuant to 28 U.S.C. § 586(a)(3), in addition to 11 U.S.C. § 307, by and through her attorney undersigned, hereby objects to the First Application for Allowance and Payment of Compensation for Fees and Costs Incurred by New[1] Counsel for Debtor ("Applicant"), for the reason that the **Applicant has failed to indicate what benefit was conferred upon**

---

[1] The applicant, Mr. Richardson, is neither "new" nor "current" counsel for the Debtor. He filed an application to withdraw as counsel 13 days after the filing of this fee application, on May 19, 2016. *See* docket number 516. Said motion to withdraw was approved by the Court on May 24, 2016. *See* docket number 520.

**the estate and the details regarding such benefit**. The Bankruptcy Code prohibits an award of fees to a professional for services which were not reasonably likely to benefit the estate. 11 U.S.C. § 330(a)(4)(A)(ii). *See In re Hanson*, 172 B.R. 67 (Bankr. 9th Cir. 1994) (debtor's attorney not entitled to fees for services which benefit only the debtor but not the bankruptcy estate). *See also In re Ames Dept. Stores, Inc.*, 76 F.3d 66, 71 (2nd Cir. 1996) (the "reasonably likely to benefit the estate test for professional's fees should be applied in an objective manner, based upon what services a reasonable lawyer or legal firm would have performed in the same circumstances).

**Moreover, a professional seeking fees bears the burden of proving their reasonableness**. *Zeisler & Zeisler v. Prudential Ins. Co.* (*In re JLM, Inc*.), 210 B.R. 19, 24 (B.A.P. 2d. Cir. 1997) citing *Woods v. City Nat'l Bank & Trust Co.*, 312 U.S. 262, 267-68, 61 S.Ct.493, 496-97, 85 L.Ed.820 (1941).

As the Court is aware, the Debtor's plan was on the verge of confirmation at the exact time that the Applicant assumed responsibility for this case on or about March 25, 2016. A Declaration and Ballot Report in Support of Confirmation indicating that there were two impaired classes voting in favor of the plan was filed on March 11, 2016. *See* docket number 440. Moreover, the only active creditor who was (technically) opposing the plan at the commencement of the March 24, 2016

hearing on plan confirmation was the Internal Revenue Service ("IRS"), due to delinquent post-petition taxes. However, the IRS had indicated all along that it was more than willing to accept periodic post-petition payments past the effective date of the plan. However, in the middle of the March 24th hearing the Applicant indicated that the informal resolution reached by prior counsel, Mr. Smith, on the claim by creditor "Shops at Pecos Ranch" was now unacceptable. Such resulted in a change of vote by said creditor, and precipitated the failure of the plan.

Subsequently, the Debtor, following substantially different advice from its new attorney, the Applicant, followed a different course², one which quickly and predictably resulted in failure – the conversion of this case to Chapter 7 and the shutdown of the Debtor's business, its Mexican food restaurant. The Applicant has – and will – argue that the plan pursued by the Debtor under the stewardship of Mr. Smith was also doomed to fail, but: 1) The Clint Smith plan may not have been doomed to fail. Historically the Debtor's restaurant generated substantial income, and even if the Debtor had defaulted on plan payments, it could conceivably have resolved such defaults informally with the cooperation of creditors via payments over

---

² , The sole reason given for the Applicant assuming responsibility for this case is that his predecessor, Mr. Smith, left the practice of law temporarily to assume an out-of-state assignment for his church.

time.  2) The undeniable fact is that the Applicant's strategy was disastrous, a failure of virtually unprecedented proportions, and "accomplished" in only 55 days (i.e., March 24, 2016 to May 18, 2016).  This result obviously suggests the likely possibility that the new strategy undertaken by the Applicant was fatally flawed.  3) Alternatively, even if one assumes that the underlying premise to the Applicant's strategy was correct – that the Clint Smith plan was unsustainable and it was necessary to reduce certain claims via negotiation or litigation – the Applicant's efforts in carrying out this new strategy were very poorly executed.  The Applicant was unable to obtain agreement(s) or cooperation from virtually anyone

Once the Applicant had "gotten up to speed" after assuming responsibility for the case, he should have recognized – as did everyone else associated with the case – that the only realistic alternative to the Clint Smith plan (besides conversion) was the appointment of a Chapter 11 trustee and/or the consensual (with creditors) Section 363 sale of the business.  But he nevertheless charged full speed ahead, pursuing a course of action clearly rejected by the Court and

creditors, with virtually no support from anyone, and no realistic or objective chance of success.[3]

WHEREFORE, the UST respectfully requests that the Court deny the fee application in full, except to the extent that any of proposed fees are for the Applicant's work in becoming familiar with the case during the transition period immediately after assuming responsibility for the case from prior counsel, Mr. Smith.

RESPECTFULLY SUBMITTED this 27th day of May, 2016.

ILENE J. LASHINSKY
United States Trustee
District of Arizona

CHRISTOPHER J. PATTOCK
Trial Attorney

---

[3] It was made clear by the Court at the May 4, 2016 hearing (at docket #501) that it was continuing said hearing to May 18, 2016 (at docket #515), instead of appointing a Chapter 11 trustee or converting the case to Chapter 7, for only ONE purpose – to provide the Debtor time to get together with the active creditors in this case and come up with an informal plan to consensually sell the debtor's business. But the Applicant disregarded this suggestion by the Court and instead continued on the same prior course which the Court had essentially rejected.

Copies of the foregoing sent by
e-mail on the 27th day of May,
2016, to:

William R. Richardson, Esq.
Richardson & Richardson, P.C.
wrichlaw@aol.com

PAUL M. HILKERT, ESQ.
LANE & NACH, PC
paul.hilkert@lane-nach.com

_____

Copies of the foregoing mailed
on the 31st day of May, 2016 to:

William R. Richardson, Esq.
Richardson & Richardson, P.C.
1745 South Alma School Road, #100
Mesa, AZ 85210-3010

PAUL M. HILKERT, ESQ.
LANE & NACH, PC
2001 East Campbell, Suite 103
PHOENIX, AZ 850016

CONSTANTINO FLORES
PO BOX 511
PHOENIX, AZ 85001-0511

ROSA'S MANAGEMENT COMPANY, L.L.C.
3129 E. MCKELLIPS RD.
MESA, AZ 85213

_____