# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:

ROSA'S MANAGEMENT COMPANY, L.L.C. aka RANCHO DE TIA ROSA,

Debtor.

(Chapter 7 Case)

No. 2:12-bk-21862-PS

**ORDER APPROVING TRUSTEE'S MOTION TO (1) SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS AND (2) AUTHORIZE TRUSTEE TO ASSIGN LEASE AND ALLOW/DETERMINE AMOUNT AND PRIORITY OF CREDITOR'S CLAIM**

Upon the Motion to (1) Sell Property of the Estate Free and Clear of Liens (2) Authorize Trustee to Assume and Assign Lease and Allow/Determine Amount and Priority of Creditor's Claim, and (3) Approve Sale, Assignment, and Bidding Procedures ("**Sale Motion**") filed by Constantino Flores, Chapter 7 Trustee, concerning the assignment of the unexpired lease of real property located at 891 North Higley Road, Suite C101, Gilbert, Arizona 85234 ("**Business Premises**"), the sale/assignment of the Estate's interest in Rosa's Management Company LLC's (singularly "**Debtor**") inventory located at the Business Premises, if any, equipment located at the Business Premises, furniture located at the Business Premises, liquor license(s), any other personal property located at the Business Premises, and general intangibles, including but not limited to the tradename "Rancho de Tia Rosa" (collectively "**Business Assets**"), and the sale of an external non-affixed freezer ("**Freezer**") located at the Business Premises alleged to be owned by Hacienda El Dorado Ranches, Inc., and after shortened notice and opportunity for objection, with a limited objection having been filed by secured creditor JPMorgan Chase

Bank, NA, and after accelerated hearing before this Court on June 27, 2016, and good cause appearing therefore;

The Court has considered the Sale Motion and the file in this case, and has determined that approval of the sale is appropriate and in the best interest of the Estate. In furtherance of the relief granted herein, the Court also finds as follows:

(i) This Court has jurisdiction over this case and the Sale Motion pursuant to 28 U.S.C. §§ 1334 and 157, and this matter is a core proceeding under 28 U.S.C. § 157(b);

(ii) The sale was negotiated in good faith and is an arm's length transaction, valuable consideration has been or will be provided to the Estate for the Estate's interest in the Property, and the consideration received by the Estate is fair under the circumstances;

(iii) William B. Lucas and Teresa Lucas ("**Buyers**") are good faith purchasers within the meaning of 11 U.S.C. § 363(m), and are entitled to all protections provided under that section of the Bankruptcy Code;

(iv) The Sale Motion was duly and properly noticed;

(v) Notice and opportunity for hearing are adequate and appropriate under the circumstances, and in compliance with applicable Bankruptcy Rules, the Local Rules of this Court, and provisions of the Bankruptcy Code, including, without limitation, Rules 2002, and 6004;

(vi) The Business Assets are subject to the following alleged liens or claims:

(a) **<u>JPMorgan Chase Bank, NA ("JPMorgan Chase")</u>** – First priority lien against all of Debtor's "Inventory, Chattel Paper, Accounts, Equipment and General Intangibles. . ." in the approximate amount of $200,000.00 filed with the Arizona Secretary of State, assigned Filing No. 2011-16576854. JPMorgan Chase also holds a first position deed of trust,

assigned Maricopa County Recorder No. 2011-0592347, against vacant land owned by Debtor's principals, Dennis and Lizabeth Sirrine; and

(b) **Hacienda El Dorado Ranches, Inc. ("Hacienda")** – Hacienda, the owner and landlord of one of Debtor's former business locations at 3129 E. McKellips Road, Mesa, AZ, asserts a landlord's lien in the Business Assets.

(vii) In addition to the Business Assets, Hacienda asserts that it is the owner of the Freezer which Hacienda alleges Debtor took, without authorization, from Debtor's former business location at 3129 E. McKellips Road, Mesa, AZ and transferred to the Business Premises;

(viii) The Business Premises is currently subject to an unexpired lease between Debtor and Whitestone REIT Operating Partnership, L.P., dba Gilbert Tuscany Village ("**Lease**");

(ix) Prior to the conversion of this case from Chapter 11 to Chapter 7, the Court approved Debtor's request to assume the Lease;

(x) The outstanding post-assumption balance due under the Lease, including late fees and other charges, through June 30, 2016, is approximately $49,000.00; and

(ix) The sale/assignment of the Business Assets and Freezer and the assignment of the Lease to Buyer are in the best interests of the Estate.

Accordingly,

IT IS HEREBY ORDERED overruling the limited objection of JPMorgan Chase to the extent not provided in this Order and approving the Sale Motion.

IT IS FURTHER ORDERED that, as provided in this Order, the Business Assets located at the Business Premises will be sold, transferred and conveyed/assigned by the Trustee to Buyers, or their nominee(s), assign(s), or heir(s), pursuant to 11 U.S.C. § 363(b) and (f), free and clear of any and all liens or interests, as/is, where/is, with no representations, warranties, or guarantees, with valid and enforceable

liens in the Business Assets to attach to the net sale proceeds, which comprise the Purchase Price, as defined below. The liens in the Purchase Price shall be valid, enforceable, and perfected by the Order alone and no further action shall be required to establish such validity, enforceability or perfection.

IT IS FURTHER ORDERED approving the agreement between Whitestone REIT Operating Partnership, L.P., dba Gilbert Tuscany Village ("**Lessor**") and Trustee and assigning the Lease of the Business Premises to Buyers or their nominee(s), assign(s), or heir(s) pursuant to 11 U.S.C. §§ 365(a) and (f).

IT IS FURTHER ORDERED that, in accordance with the terms of this Order, the Business Assets located at the Business Premises and the Lease shall be sold, transferred and conveyed/assigned by the Trustee to Buyers, or their nominee(s), assign(s), or heir(s), for a total purchase price of $650,000.00 ("**Purchase Price**"). <u>The Sale Motion and this Order shall be enforceable in law and equity, including the remedy of specific performance</u>.

IT IS FURTHER ORDERED authorizing and directing payment of $40,000.00 by Trustee to Lessor, which payment shall be made by Trustee upon receipt and negotiation of the Purchase Price.

IT IS FURTHER ORDERED that upon receipt and negotiation of the Purchase Price by Trustee, Lessor shall be deemed to have amended its Proof of Claim and shall be allowed a claim in the total amount of $68,276.06, of which $32,000.00 shall be allowed as a Chapter 11 Administrative Claim with the remaining $36,276.06 to be allowed as a general unsecured claim.

IT IS FURTHER ORDERED authorizing and directing payment of $12,500.00 by Trustee to Hacienda, which payment shall be made by Trustee upon receipt and negotiation of the Purchase Price and after delivery by Hacienda to Trustee of any and all executed document(s) necessary to transfer the Freezer to Buyers, or their nominee(s), assign(s), or heir(s).

IT IS FURTHER ORDERED directing Hacienda to execute any items, including but not limited to a bill of sale or assignment, that are reasonably necessary to transfer the Freezer to Buyers, or their

nominee(s), assign(s), or heir(s).

IT IS FURTHER ORDERED authorizing and directing payment of $180,821.76 by Trustee to JPMorgan Chase in partial satisfaction of its lien, which payment shall be made by Trustee upon receipt and negotiation of the Purchase Price, and which payment shall be subject to any right the Trustee may have, and any defense or objection that JPMorgan Chase may have thereto, to request that JPMorgan Chase marshal and liquidate any additional collateral granted by non-debtor parties.

IT IS FURTHER ORDERED directing JPMorgan Chase, upon receipt of the $180,821.76, to file within a reasonable time a UCC-3 with the Arizona Secretary of State reflecting that the Business Assets are no longer covered by Lien No. 2011-16576854.

IT IS FURTHER ORDERED that Buyers are good faith purchasers and are entitled to the benefits provided by 11 U.S.C. § 363(m).

IT IS FURTHER ORDERED directing Buyers to remit the Purchase Price on or before fifteen (15) days from the date of the entry of this Order.

IT IS FURTHER ORDERED that the sale shall be deemed closed upon receipt of the Purchase Price by Trustee ("**Closing Date**").

IT IS FURTHER ORDERED that Clay Eagar has agreed to be the back-up bidder and that if Buyers fail to remit the Purchase Price within fifteen (15) days from the date of the entry of this Order, that Clay Eagar shall have five (5) days thereafter to remit the back-up bid in the amount of $625,000.00 ("**Back-up Bid**") to Trustee. Without limiting any other claims that Trustee may have against Buyers or Clay Eagar as the back-up bidder, in the event Buyers fail to timely remit the Purchase Price to Trustee, Buyers shall be responsible for the difference between the Purchase Price and the Back-up Bid.

IT IS FURTHER ORDERED that regardless of the Closing Date, Buyers shall be responsible for and shall make all payments coming due under the Lease to Lessor on or after July 1, 2016, and Buyers shall further be responsible for any and all costs/expenses to operate the Business Premises, including but

not limited to all utility payments and vendor payments, which come due on or after July 1, 2016.

IT IS FURTHER ORDERED that Buyers are responsible for transferring the utility and vendor accounts with respect to the Business Premises into the name of Buyers or their nominee(s), assign(s), or heir(s), on or before July 1, 2016.

IT IS FURTHER ORDERED that upon receipt and negotiation of the Purchase Price by Trustee, and only when good and immediately available funds representing the Purchase Price are in the exclusive possession of the Trustee and are on deposit at an approved financial institution, subject to no other interests, conditions or restrictions other than as may be imposed by this Order and any further order of this Court, this Order shall act as a release of all liens, encumbrances, assessments, and credit lines against the Business Assets, and that the Business Assets shall be transferred to Buyers, or their nominee(s), assign(s), or heir(s), free and clear of any liens, encumbrances, assessments, and credit lines against the Business Assets pursuant to 11 U.S.C. § 363(b) and (f) and as to JPMorgan Chase, pursuant to 11 U.S.C. § 363(f)(3). Until such time as the foregoing occurs, the security interest held by JPMorgan Chase shall remain unaltered, whether by this Order or otherwise, and in shall remain in full force and effect..

IT IS FURTHER ORDERED that the Trustee is authorized and directed to execute all additional documents, and perform any other such acts as may be necessary or reasonably requested, to facilitate and complete the transaction provided for in the Sale Motion.

IT IS FURTHER ORDERED that this Order is a final order for purposes of F.R.B.P. Rule 8001.

IT IS FURTHER ORDERED that pursuant to F.R.B.P. Rule 6004(h) this Order shall be effective upon the Order's execution and the fourteen (14) day stay is waived.

**SIGNED AND DATED ABOVE**

Approved as to Form and Content:

**BUYERS**

By  /s/ William B. Lucas (*w/ permission*)
       William B. Lucas

By  /s/ Teresa Lucas (*w/ permission*)
       Teresa Lucas

**SANFORD J. GERMAINE, P.C.**

By  /s/ Sanford J. Germaine (*w/ permission*)
       Sanford J. Germaine
       Attorney for Lessor

**BUNTROCK & GARDNER LAW, PLLC**

By  /s/ Shane Buntrock (*w/ permission*)
       Shane Buntrock
       Attorney for Hacienda

**LAW OFFICES OF SHERMAN & HOWARD, LLC**

By  /s/ Bryan A. Albue (*w/ permission*)
       Bryan A. Albue
       Attorney for JPMorgan Chase

**BACK-UP BIDDER**

By      No Signature Timely Provided
       Clay Eagar